1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PEDRO ALVAREZ MACIEL,                     No. 1:26-cv-01318-DC-CKD (HC)

12              Petitioner,

13        v.                                   ORDER GRANTING PETITIONER'S
                                               MOTION FOR A TEMPORARY
14   KRISTI NOEM, et al.,                      RESTRAINING ORDER

15              Respondents.                   (Doc. No. 3)

16

17        This matter is before the court on Petitioner Pedro Alvarez Maciel's motion for a

18   temporary restraining order (Doc. No. 3), filed in conjunction with his petition for a writ of

19   habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention.

20   (Doc. No. 1.) For the reasons explained below, the court will grant Petitioner's motion for a

21   temporary restraining order.

22                              **BACKGROUND**

23   **A.    Factual Background**

24        Petitioner Pedro Alvarez Maciel is a noncitizen currently detained by U.S. Immigration

25   and Customs Enforcement ("ICE") at the ICE detention facility in California City, California,

26   pending removal proceedings. (Doc. No. 1 at ¶ 1.) Petitioner is charged as having entered the

27   United States without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*)

28        Petitioner resided in the United States for over 20 years before his detention on December

1

29, 2025. (*Id.* at ¶¶ 40–41). Petitioner has not been provided with a bond determination hearing. (*Id.* at ¶ 43.) Petitioner contends that he is being denied a bond hearing pursuant to the Board of Immigration Appeals ("BIA") precedential decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* at ¶ 2.)

**B.    Procedural Background**

On February 14, 2026, Petitioner filed his petition for writ of habeas corpus asserting the following claims against Respondents Kristi Noem, Todd Lyons, Pam Bondi, Nancy Gonzalez, and Christopher Chestnut: (1) unlawful denial of bond hearing in violation of 8 U.S.C. § 1226(a); (2) unlawful denial of bond hearing in violation of the Administrative Procedure Act; (3) violation of procedural due process; and (4) violation of the Immigration and Nationality Act under the court's order in *Maldonado Bautista v. Santacruz*, No. 25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 25-cv-01873-SSS-BPM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). (Doc. No. 1 at 10–12.) In his petition, Petitioner seeks an order (i) declaring that Petitioner's detention without a bond hearing violates the Immigration and Nationality Act, the Administrative Procedure Act, and due process, (ii) requiring Petitioner's immediate release, or in the alternative, requiring that Respondents provide Petitioner with a bond hearing within seven (7) days; and (iii) awarding Petitioner reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act. (*Id.* at 12–13.) On that same day, Petitioner filed the pending motion for a temporary restraining order arguing that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), and pursuant to the court's order in *Maldonado Bautista*. (Doc. No. 3 at 14–22.) Petitioner seeks the same relief in his motion for a temporary restraining order as in his habeas petition. (*Id.* at 26.)

On February 18, 2026, Respondents filed an opposition to Petitioner's motion for a temporary restraining order (Doc. No. 9) and a motion to dismiss Petitioner's habeas petition (Doc. No. 8).[1] In their opposition, Respondents argue that Petitioner's motion for a temporary restraining order should be denied because it improperly seeks the same relief sought by his

---

[1] The court will refer Respondents' motion to dismiss to the assigned magistrate judge.

1    habeas petition[2], and that Petitioner is subject to mandatory detention under 8 U.S.C. §

2    1225(b)(2)(A). (Doc. No. 9 at 3–5.) Respondents also argue that, should the court grant

3    Petitioner's motion, it should limit Petitioner's relief to a bond hearing before an immigration

4    judge in which Petitioner bears the burden to show he is not a danger to the community nor a

5    flight risk. (*Id.* at 5–6.)

6           On February 19, 2026, Petitioner filed a reply in support of his pending motion.

7                                  **LEGAL STANDARD**

8           Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

9    showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555

10   U.S. 7, 22 (2008) (citation omitted). To obtain injunctive relief, the moving party must show: (1)

11   a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in

12   the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party;

13   and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood

---

14   [2] In their opposition, Respondents argue that Petitioner's motion should be denied because
15   "Petitioner seeks only to alter the status quo by issuing an expedited order that would grant him
     the ultimate relief h[e] seeks in his petition—while depriving Respondents (and this Court) a full
16   and fair opportunity for briefing on the merits." (Doc. No. 9 at 3.) To support this argument,
     Respondents cite the decisions in *Mendez v. U.S. Immigration and Customs Enforcement*, No. 23-
17   cv-00829-TLT, 2023 WL 2604585 (N.D. Cal. Mar. 15, 2023) and *Doe v. Bostock*, No. 24-cv-
     0326-JLR-SKV, 2023 WL 2861675 (W.D. Wash. June 6, 2024). However, the courts in both
18   *Mendez* and *Doe* clarified that the moving parties sought relief that would upend, rather than
     preserve, the status quo. *Mendez*, 2023 WL 260485, at *3 ("Plaintiffs are not attempting to
19   preserve the status quo or the relative positions of the parties pending a determination on the
     merits. Instead, Plaintiffs are seeking an injunction that would alter the status quo"); *Doe*, 2024
20   WL 2861675, at *2 ("Petitioner explicitly requests a departure from the status quo and indeed
     requests the ultimate relief she seeks in this action."). Here, Petitioner challenges the authority for
21   his detention and seeks a temporary restraining order requiring his release from ICE detention
     while his claim is decided on the merits. (Doc. No. 3 at 6.) As Petitioner notes in his reply,
22   numerous courts within this district have found that when a petitioner challenges the authority for
     his detention, the status quo is a return to the parties' conditions before the parties' last
23   uncontested status, i.e. the petitioner's release before the challenged detention. (Doc. No. 11 at 2)
     (citing *Otilio B.F. v. Andrews*, No. 25-cv-01398-KES-EPG, 2025 WL 3152480, at *12 (E.D. Cal.
24   Nov. 11, 2025) ("The last uncontested status would be the moment before petitioner was
     unlawfully detained"); *Morales Flores v. Lyons*, No. 25-cv-01640-TLN-EFB, 2025 WL 3552841,
25   at *7 (E.D. Cal. Dec. 11, 2025) ("[R]elease is warranted to return to the status quo ante and
     remedy a constitutional violation"). Thus, by his motion for a temporary restraining order,
26   Petitioner seeks an order preserving the status quo prior to the instant dispute, not a temporary
     restraining order altering the status quo as in *Mendez* and *Doe.*
27

28

                                          3

1   of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel,*

2   *Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

3       A party seeking injunctive relief must make a showing on all four prongs of the *Winter*

4   factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th

5   Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction

6   is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a

7   clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968,

8   972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and

9   exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle*

10  *& Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F.Supp.3d 1037, 1048 (C.D. Cal. 2024); *see*

11  *also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly

12  go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F.

13  Supp. 3d 1177, 1185 (C.D. Cal. 2015).

14                                  **DISCUSSION**

15  **A.    Likelihood of Success on the Merits**

16      Petitioner contends that he is entitled to injunctive relief because he is entitled to, and has

17  been refused, a bond hearing under 8 U.S.C. § 1226(a).[3] (Doc. No. 3 at 6–11.) In their opposition,

18  _____

19  [3] Petitioner also contends that he is entitled to relief as a member of the following class certified
    in *Maldonado Bautista v. Santacruz*, No. 25-cv-01873-SSS-BFM, 2025 WL 3713987 at *32

20  (C.D. Cal. Dec. 18, 2025): "All noncitizens in the United States without lawful status who (1)
    have entered or will enter the United States without inspection; (2) were not or will not be

21  apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. §
    1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an

22  initial custody determination." There, the district court vacated as unlawful a DHS policy
    declaring that all such class members are subject to mandatory detention pursuant to 8 U.S.C. §

23  1225(b). *Id.* Because the court will grant Petitioner's motion for a temporary restraining order on
    statutory grounds, it need not address the effect of his alleged membership in the *Maldonado*

24  *Bautista* class on his motion. However, the court briefly notes that, contrary to Petitioner's
    assertion (Doc. No. 11 at 3–4), this court did not determine whether the *Maldonado Bautista*

25  court's vacatur of the DHS policy will be binding on this court in *J.S. v. Wofford*, No. 25-cv-02016-
    DC-SCR, 2026 WL 125258, at *6 (E.D. Cal. Jan. 16, 2026), *report and recommendation adopted*

26  *by J.S. v. Wofford*, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026). Indeed, in the order adopting the

27  findings and recommendations cited in Petitioner's reply, this court adopted the findings and
    recommendations "with regard to Petitioner's INA [Immigration and Nationality Act" claim only

28  and noted it "need not address any additional grounds raised in the petition." *J.S.*, 2026 WL

                                        4

1  Respondents argue that Petitioner is an applicant for admission who is subject to mandatory

2  detention under 8 U.S.C. § 1225(b)(2). (Doc. No. 9 at 4–5.)

3       The complex statutory framework governing the detention and removal of inadmissible

4  noncitizens in this country is at issue here. Sections 1225 and 1226 govern the detention of

5  inadmissible noncitizens who have been placed in removal proceedings. 8 U.S.C. §§ 1225, 1226.

6  Section 1226(a) is the "usual removal process" for inadmissible noncitizens. *Dep't of Homeland*

7  *Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). The noncitizen's removal commences with the

8  filing of a Notice to Appear with the Immigration Court, initiated under 8 U.S.C. § 1229(a). *Ortiz*

9  *Donis v. Chestnut*, No. 25-cv-01228-JLT-SAB, 2025 WL 2879514, at *3 (E.D. Cal. Oct. 9,

10 2025). The removal process provides for an evidentiary hearing before an immigration judge to

11 allow the noncitizen to show they should not be removed. *Thuraissigiam*, 591 U.S. at 108. The

12 noncitizen is permitted to apply for asylum if they would be persecuted if returned to their home

13 country. *Id*. (citing 8 U.S. § 1229a(b)(4); 8 C.F.R. § 1240.11(c).) If asylum is not granted, and the

14 noncitizen is ordered removed, they can appeal the order to the Board of Immigration Appeals.

15 *Id*. (citing 8 U.S. §§ 1229a(c)(5), 1252(a)).

16      Section 1226 provides a discretionary detention scheme while removal proceedings are

17 pending. 8 U.S.C. § 1226. Specifically, during the pendency of removal proceedings, the

18 government may continue to detain the individual or may release them on bond or conditional

19 parole. 8 U.S.C. § 1226(a)(2)(A)-(B). When a person is apprehended under section 1226, an ICE

20 officer makes an initial custody determination, and the noncitizen will be released upon a

21 showing "to the satisfaction of the officer that such release would not pose a danger to property or

22 persons, and that the [noncitizen] is likely to appear for any future proceeding." *Diaz v. Garland*,

23 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If the noncitizen is detained

24 under section 1226(a), they are entitled to a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281,

25 306 (2018).

26      As to noncitizens seeking admission into the United States, section 1225 provides for

27

28 297304 at *1.

5

mandatory detention of certain individuals and, in some cases, expedited removal. 8 U.S.C. § 1225; *see also Ortiz Donis*, 2025 WL 2879514, at *4 ("While '§ 1226 applies to aliens already present in the United States,' U.S. immigration law also 'authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2),' a process that provides for expedited removal.") (citing *Jennings*, 583 U.S. at 303.) Section 1225(b)(2)(A) provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.[4]

An applicant for admission is defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1).

Until recently, the United States Department of Homeland Security ("DHS") has "applied [section] 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation." *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *3 (N.D. Cal. Sep. 12, 2025). On July 8, 2025, DHS issued a memorandum to all employees of ICE stating that it had revisited its legal position on detention and release authorities and that section 1225 "is the applicable immigration detention authority for all applicants for admission." *See Garro Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 WL 3691938, at *4 (N.D. Cal. Dec. 19, 2025). In *Matter of Yajure Hurtado*, the BIA, without directly addressing the DHS memorandum, adopted this broader interpretation of "applicants for admission" and held that under this broader interpretation, all noncitizens who entered the United States without inspection are subject to mandatory detention under section 1225. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216. Following these developments, DHS began

---

[4] Subparagraph (B) of 8 U.S.C. § 1225(b)(2) sets forth exceptions to subparagraph (A). Subparagraph (C) of the same section addresses the [treatment] of [noncitizens] arriving from contiguous territory." 8 U.S.C. § 1225(b)(2)(C). Neither subparagraph appears to apply here.

1   directing federal immigration officials to seek expedited removal of noncitizens pursuant to

2   section 1225(b)(2). *See Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *5

3   (S.D. Cal. Sept. 3, 2025); *Salcedo Aceros*, 2025 WL 2637503, at *4.

4           In their opposition, Respondents reiterate the government's position that section 1225

5   applies broadly to all noncitizens, including Petitioner, who "entered the United States illegally

6   without inspection." (Doc. No. 9 at 4) (citing *Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-

7   20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026)). However, Respondents "acknowledge that the

8   weight of authority is not in their favor." (Doc. No. 9 at 4.) Indeed, Respondents' argument that

9   section 1225 applies to all noncitizens who entered the United States without inspection has been

10  consistently rejected by a majority of courts in this district and courts across the country. *See*

11  *Valencia Zapata v. Kaiser,* No. 25-cv-07492-RFL, 2025 WL 2741654, at *10 (N.D. Cal. Sep. 26,

12  2025) (citing *Salcedo Aceros*, 2025 WL 2637503, at *8) (collecting cases). Instead, those courts

13  have generally held that section 1226 rather than section 1225 is the appropriate section to apply

14  in cases in which a noncitizen is already living in the United States. *See Morillo v. Albarran*, No.

15  25-cv-01533-DJC-AC, 2025 WL 3190899, at *4 (E.D. Cal. Nov. 15, 2025) ("As Petitioner has

16  been present in the United States for 19 years . . . he is likely to succeed on the merits of his claim

17  that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision.");

18  *Huerta v. Bondi*, No. 25-cv-00941-JLT-HBK, 2026 WL 366709, at *1 (E.D. Cal. Feb. 10, 2026)

19  (holding that the petitioner, who "entered the United States without inspection and has been

20  residing continuously here for more than 20 years without any contact with immigration

21  authorities . . . is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)"); *J.A.C.P. v.*

22  *Wofford*, No. 25-cv-01354-KES-SKO, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025) (same as to

23  petitioner who had resided in United States for four years before detention); *Bernardo Aquino v.*

24  *Larose*, No. 25-cv-02904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("The

25  overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather

26  than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen . . . who

27  has resided in the United States for many years.") (citing cases).

28          The court agrees with the majority view, which rejects the government's new

1   interpretation of section 1225 as the applicable immigration detention authority for all

2   inadmissible noncitizens. Therefore, Petitioner was entitled to a bond hearing under section

3   1226(a). *Matter of Adeniji*, 22 I. & N. Dec. 1102 (BIA Nov. 3, 1999) (holding that noncitizen

4   detained pursuant to section 1226(a) was entitled to the bond procedures provided in 8 C.F.R. §

5   236.1(c)(8) (1999)). Petitioner has demonstrated a likelihood of success on his claim that he has

6   been unlawfully denied a bond hearing in violation of 8 U.S.C. § 1226(a).

7   **B.      Irreparable Harm**

8           Petitioner will suffer irreparable harm in the absence of a temporary restraining order.

9   Broadly speaking, "[d]eprivation of physical liberty by detention constitutes irreparable harm."

10  *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (citation omitted.) Further, the Ninth

11  Circuit has recognized the "irreparable harms imposed on anyone subject to immigration

12  detention" including "the economic burdens imposed on detainees and their families as a result of

13  detention." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

14          Therefore, the second *Winter* factor weighs in favor of granting Petitioner's request for

15  injunctive relief.

16  **C.      Balance of the Equities and Public Interest**

17          The court now turns to the last two *Winter* factors. The balance of the equities and public

18  interest analyses merge when the government is the opposing party, as is the case in this action.

19  *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*,

20  556 U.S. 418, 435 (2009)).

21          "Just as the public has an interest in the orderly and efficient administration of this

22  country's immigration laws, [ ] the public has a strong interest in upholding procedural

23  protections against unlawful detention." *Vargas v. Jennings*, No. 20-cv-5785-PJH, 2020 WL

24  5074312, at *4 (N.D. Cal. Aug. 23, 2020) (internal quotation omitted). Though Respondents have

25  an interest in enforcing immigration laws, Respondents cannot reasonably assert that the public

26  and government will be harmed in any legally cognizable sense by being enjoined from detaining

27  Petitioner in violation of the applicable law, which is the case here. This relief also benefits the

28  public because "neither equity nor the public's interest are furthered by allowing violations of

1  federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). Accordingly, the

2  court finds that the balance of equities and public interest weigh in favor of injunctive relief and

3  consequently, all four *Winter* factors weigh in favor of Petitioner.

4  **D.    Remedy**

5      In his motion for a temporary restraining order, Petitioner seeks his immediate release, or

6  in the alternative, an individualized bond hearing before a neutral adjudicator pursuant to 8

7  U.S.C. § 1226(a). (Doc. No. 3 at 16.) In their opposition, Respondents argue that, should the court

8  grant Petitioner injunctive relief, it should limit that relief to "a bond hearing under 8 U.S.C. §

9  1226(a) before an immigration judge (IJ), in which the Petitioner bears the burden to show he is

10  not a danger to the community nor a flight risk." (Doc. No. 9 at 5) (citing *Matter of Guerra*, 24 I.

11  & N. Dec. 37, 40 (BIA 2006)). Respondents argue that this "remedy would place Petitioner on

12  equal footing with every other non-citizen who is eligible for a bond hearing under 8 U.S.C. §

13  1226(a)." (*Id.*)

14      As discussed above, the purpose of injunctive relief is to return the parties to the status

15  quo ante, "which is 'not simply [] any situation before the filing of a lawsuit, but instead [] the

16  last uncontested status which preceded the pending controversy.'" *Lepe v. Andrews*, 801 F. Supp.

17  3d 1104, 1119 (E.D. Cal. Sep. 23, 2025) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d

18  1199, 1210 (9th Cir. 2000)). Here, Respondents contend that Petitioner was detained in December

19  2025 pursuant to section 1225(b)(2)(A) and have explicitly denied that he was detained under

20  section 1226, or any other basis. (Doc. No. 9 at 4–5). Because Respondents do not assert any

21  alternative basis for Petitioner's detention, and do not provide any extenuating circumstances that

22  would warrant Petitioner's continued unlawful detention pending a bond hearing, the court

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

9

1  finds that the appropriate relief is Petitioner's immediate release.[5] *Lepe*, 801 F. Supp. 3d at 1119.

2  **E.     Security**

3       Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief

4  'only if the movant gives security in an amount that the court considers proper to pay the costs

5  and damages sustained by any party found to have been wrongfully enjoined or restrained.'"

6  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Fed. R. Civ. P. 65(c)).

7  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion

8  as to the amount of security required, if any.'" *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906,

9  919 (9th Cir. 2003)). "In particular, '[t]he district court may dispense with the filing of a bond

10  when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or

11  her conduct.'" *Johnson*, 572 F.3d at 1086 (quoting *Jorgensen*, 320 F.3d at 919). Neither party

12  addresses the issue of security in their briefing.

13       The court finds that no security is required here. Courts regularly waive security in cases

14

_____

15  [5] Respondents further argue that, should Petitioner be re-detained, Petitioner should bear the
   burden of showing that he is neither a flight risk nor a danger to the community to justify his
16  release on bond. (Doc. No. 9 at 5.) The court has previously found that the government bears this
   burden where the noncitizen had previously been released from ICE detention, and therefore ICE
17  had previously determined that the petitioner was neither a flight risk nor a risk to community
   safety. *See, e.g.*, *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D.
18  Cal. Dec. 2, 2025); *Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal.
   Dec. 14, 2025). In those cases, the court found that due process required that the government bear
19  the burden of justifying the petitioners' re-detention without bond because those petitioners
   maintained a liberty interest in their previous release from custody. *Id.* Here, on the other hand,
20  the government has made no determination regarding Petitioner's flight or safety risk and has not
   previously released Petitioner from detention. (*See* Doc. No. 1.) Accordingly, because the court
21  will release Petitioner on statutory rather than constitutional grounds, and because Petitioner does
   not assert any argument to the contrary, the court finds that the regulatory protections provided in
22  8 C.F.R. § 1236.1(c)(8) are the proper standard for Petitioner's initial bond hearing, should he be
   detained at some later point following his release pursuant to this order. *See Matter of Adeniji*, 22
23  I. & N. Dec. 1102 at 1112 (citing 8 C.F.R. § 236.1(c)(8)). Other courts in the Ninth Circuit have
   recognized this distinction in the burden of proof as to claims predicated on constitutional relief,
24  versus claims predicated on statutory relief. *See, e.g.*, *Zaitsev v. Warden, Adelanto ICE
25  Processing Center*, No. 26-cv-00454-SPG-AS, 2026 WL 391429, at *11 (C.D. Cal. Feb. 9, 2026)
   (noting that where immigration judge placed the burden of proof on the government in 1226(a)
26  hearing, "the [immigration judge] held the government to a higher standard than set out in BIA
   regulations, *see* 8 C.F.R. § 1236.1(c)(8), and the same standard or higher than what the
27  Constitution requires.").

28

1    like this one. *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Lepe*, 801 F. Supp. 3d at 1120;

2    *Pinchi v. Noem*, No. 25-cv-05632- RMI-RFL, 2025 WL 1853763, at *4 (N.D. Cal. Jul. 4, 2025).

3                                          **CONCLUSION**

4           For the reasons stated above:

5    1.         Petitioner's motion for a temporary restraining order (Doc. No. 3) is GRANTED

6                as follows:

7                a.    Respondents shall immediately release Petitioner from their custody;

8                b.    Should Respondents attempt to re-detain Petitioner, they shall provide him

9                      with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner

10                     shall bear the burden of showing that he is not a flight risk or a risk to

11                     community safety; and

12   2.         This matter is referred to the assigned magistrate judge for further proceedings.

13

14

15          IT IS SO ORDERED.

16   Dated:   __**February 23, 2026**__                    _____
                                                            Dena Coggins
17                                                          United States District Judge

18

19

20

21

22

23

24

25

26

27

28

                                                11